WALTER M. AIKMAN et al., executors, &c.,

*v.*

SARAH ARMSTRONG et al.

[Decided February 7th, 1913.]

The testatrix devises and bequeaths an estate upward of one hundred and seventy thousand dollars, which came to her from both of her parents, concerning which she uses these words in the will: "And as my estate was derived from both of my parents, I deem it proper to devise the same among their respective relatives and to such societies as would best meet their wishes if living, and therefore, order and direct as follows." After making a number of specific and general bequests in the first seventeen paragraphs of the will, she uses the following words in the eighteenth paragraph: "The rest, residue and remainder of my estate I order and direct my executors to divide into one hundred equal parts, or shares, and I give, devise and bequeath to my cousins [here the testatrix names eleven of her female cousins on her father's side], their heirs, executors, administrators and assigns, forty-three and one-half part of said one hundred shares or parts, to be equally divided between

them, share and share alike." Then follow bequests to five additional classes of legatees of allotments of shares varying in number, but, with the forty-three and one-half above mentioned, disposing of the entire original division of one hundred shares. In the same paragraph and immediately following the classification of the residuary legatees, is this important proviso: "If any of said residuary legatees or devisees shall not survive me, his or her share shall go to the others of the class of distributees to which he or she may belong in the above distribution. And if all of the distributees of any of said classes shall die before me, the heirs of the last survivor of such class shall take and receive the shares or parts which the survivor of such class would have taken if living." The original will was made in the year 1888, and the testatrix lived until the year 1909, during which time she made three codicils to her last will. In the first codicil, she substituted a male cousin on her father's side for one of the legatees who had died, and in the second codicil she substituted another male cousin on her father's side in the place of two of the legatees who had died, using the same *habendum* in each of these codicils. In all of these codicils the testatrix declares: "In all other respects I hereby ratify and confirm my last will." Seven of these eleven original legatees, and one of the two who were substituted, predeceased the testatrix.—*Held*, that the five survivors take the whole of the forty-three and one-half shares.

On final hearing on pleadings and proofs.

*Mr. Reginald Branch,* for the complainants.

*Messrs. Gaskill & Gaskill,* for the surviving residuary legatees named in the first clause of the eighteenth paragraph of the will.

*Mr. Enoch A. Higbee* (with whom is associated *Mr. David Murray,* of the New York bar), for the defendants Charles Hathaway and others.

*Mr. Howard Eastwood,* for the defendants Sarah Armstrong and others.

LEWIS, V. C.

Jane A. Aikman died on or about the 16th day of September, 1909, having first made, executed and published her last will and testament and codicils thereto.

In the introductory paragraph of the will the testatrix says:

"As my estate was derived from both of my parents, I deem it proper to divide the same among their respective relatives and to such societies as would best meet their wishes if living, and, therefore, order and direct as follows."

The testatrix then proceeded to bequeath a large number of legacies to different charitable organizations and individuals, not including each and every relative of her father and mother.

The significant paragraph of the will in question is the eighteenth:

"The rest, residue and remainder of my estate I order and direct my executors to divide into one hundred equal parts or shares, and I give, devise and bequeath to my cousins Mary S. Aikman, Catherine Cook, Sarah Dunnings, wife of James Warren Dunnings, Rebecca Aikman, Caroline Aikman, Julia Aikman, Abigal Marvine, Marion Ann Stewart, Agnes Morris, Mary Hathaway and Emma J. Aikman, daughter of Robert S. Aikman, their heirs, executors, administrators and assigns, forty-three and one-half parts of said one hundred shares or parts to be equally divided between them share and share alike.

"Twenty-two other equal shares or parts thereof I give, devise and bequeath to 'The American Baptist Publication Society,' Philadelphia, The New Jersey Baptist State Convention and The American Baptist Home Mission Society, their successors and assigns, to be equally divided between them.

"Twelve and a half equal shares or parts thereof I give, devise and bequeath to the widow and children of my deceased cousin Aikman Welch, their heirs, executors, administrators and assigns, to be equally divided between them.

"Seven and one-third equal parts or shares thereof I give, devise and bequeath to my cousin James H. Canfield and Martha H. Canfield to be equally divided between them.

"Seven and one-third shares or parts thereof I give, devise and bequeath to the children of my deceased cousin Jeanette Platt, who shall survive me, to be divided equally among them.

"Seven and one-third shares or parts thereof I give, devise and bequeath to the daughters of my deceased cousin Anna H. Woolman, who shall survive me to be equally divided between them.

"If any of said residuary legatees or devisees shall not survive me his or her share shall go to the others of the class of distributees to which he or she may belong in the above distribution. And if all of the distributees of any of said classes shall die before me, the heirs of the last survivor of such class shall take and receive the shares or parts which the survivor of such class would have taken if living."

The sole issue in this case is whether the heirs of those legatees mentioned in the eighteenth paragraph of the will, which lega-

tees predeceased the testatrix, shall take the share that the legatee would have taken if living at the time of the death of the testatrix.

The general rule is, that a legacy to A and his heirs is a legacy to A alone, the word "heir" being a word of limitation and not of substitution; that, in the case of a legacy to A "or his heirs," the general rule is otherwise. But a special meaning of words may be accepted if such intention can be gathered from the whole will when construed with the aid of such extrinsic evidence as the law makes competent, and the word "and" may thus be construed in the sense of the word "or," if such meaning is plainly indicated. See *Zabriskie et al.* v. *William Huyler et al., 62 N. J. Eq. (17 Dick.) 697.*

The question is raised, Why did the testatrix use the word "heirs" after the name of certain legatees in several instances and not use it in all, if some meaning was not to be given to these words; and why did she continue to do the same thing in several of her codicils? And the court is asked to find the word "heirs" to be a word of substitution and not a word of limitation, because the testatrix used it in some places and not in others.

In the present case, the original will was made in the year 1888, and the testatrix lived until the year 1909, a period of twenty-one years. She made three codicils to her last will.

In the first codicil, dated the 14th day of June, 1900, she stated that her cousin, Caroline Aikman, whom she had named among the first class of legatees under the eighteenth paragraph of her will, having since died, she desired to substitute her cousin, the Reverend William Aikman, as legatee in her place.

"I, therefore, now give, devise and bequeath unto the said Rev. William Aikman, his heirs, executors, administrators and assigns, such share or portion of my said residuary estate as the said Caroline Aikman would have received or taken if she had survived me."

The testatrix also, in this first codicil, makes an alteration in another of the classes of legatees provided for under the eighteenth paragraph of her last will by adding to the members of that class, consisting of "the daughters of my deceased cousin, Anna H. Woolman, who shall survive me," and their brother Howard Woolman.

The second codicil, dated the 22d day of June, 1906, also contains a clause affecting the eighteenth paragraph of the will in question, stating that whereas two of the cousins named in the first class of said paragraph, to wit, Catherine Cook and Rebecca Aikman, had since died, she desired to substitute Walter M. Aikman

"as a residuary legatee in the place and stead of each of my aforesaid two deceased cousins, therefore, I now give, devise and bequeath unto my said cousin, Walter M. Aikman, his heirs, executors, administrators and assigns, such shares or portions of my residuary estate as the said Catherine Cook and Rebecca Aikman would have taken, received or been entitled to, if both of them had survived me."

The third codicil, dated the 22d day of April, 1908, does not affect the paragraph under discussion. However, an important feature of all the codicils, including those making the above specific substitutions in the various classes under the eighteenth paragraph of the will is, that in each of the testatrix declares: "In all other respects I hereby ratify and confirm my last will," while in the last one she also confirms the two prior codicils.

Of the cousins named under the first class in the eighteenth paragraph of the will, the following had departed this life previous to the death of the testatrix:

Mary Hathaway, Agnes Morris, Sarah A. Dunning and Abigail Marvine, for no one whom had the testatrix substituted a legatee. Besides these, Caroline Aikman predeceased the testatrix, and the Rev. William Aikman was substituted, as set forth in the first codicil; Catherine Cook and Rebecca Aikman also predeceased the testatrix, and Walter M. Aikman was substituted for both of them in the second codicil.

The Rev. William Aikman, one of these two substitutes, died before the testatrix.

The executors of the testatrix having paid debts, converted the real estate into money, &c., as empowered under the various clauses of the will, now hold the sum of, approximately, $98,-656.62, representing the residue of this estate, and await the construction of the first clause of the eighteenth paragraph as to who shall participate in the distribution of this residue.

The question involved is, whether the children and heirs-at-law of the said William Aikman, Mary Hathaway, Agnes Morris, Sarah A. Dunning and Abigail Marvine, being those persons named in the first class of legatees who died before the testatrix, and for whom no one else was substituted, shall take the part which would have been paid to their ancestors had they survived the testatrix; or, does this portion of the residue go to those of this class who survived the testatrix, namely, Mary F. Aikman, Marion Ann Stewart, Julia Aikman, Emma J. Aikman and Walter M. Aikman, to the exclusion of the children and heirs-at-laws of the predeceased cousins?

It is the duty of the court to so construe the will as to carry out the intention of the testatrix. It is likewise the established and universal law that the intention of the testator is to be gathered from the whole will and the will is to be construed in the light of the circumstances surrounding the testator at the time of making it. The codicils are to be considered in arriving at the construction and regarded as a republication of her will as modified by the codicil. The ordinary and technical meaning of words may be disregarded, and special meaning accepted, if such intention of the testator can be gathered from the whole will.

"Or" will be construed "and," in order to maintain the express general intent of the testator. This power of changing "or" into "and" is founded on judicial decisions that run back more than two hundred years. *Brown* v. *Mugway, 15 N. J. Law (3 Gr.) 330.*

Though a will must be construed as an entirety, yet the legal construction of one section cannot be controlled by guesses as to the intent of the testator arising from the disposition of his property in the remaining sections. See *Gulick* v. *Gulick, 27 N. J. Eq. (12 C. E. Gr.) 498.*

The first great leading rule from which courts of justice never depart is, to put such a construction on apparently conflicting parts that both of them, if possible, may stand, and the whole will be carried into effect. The rule of law is imperative that every clause in a will shall be made to operate.

Since the legatees in question are cousins of the testatrix, their heirs do not come within the operation of the thirty-fourth

section of the Wills act (*Gen. Stat. p. 3763*), for the prevention of lapses, as that section only applies to a devise or bequest to a child or brother or sister, or any descendant of a child, or brother or sister of a testator.

In searching for the intention of the testatrix throughout the whole will, I find nothing to indicate that the testatrix, by the use of the ancient technical formula constituting the *habendum* clause, viz., their heirs, executors, administrators and assigns, meant anything other than the function which it has performed from time immemorial in all sorts of written transfers of property to define the title and tenure of the legatees.

The contention of the counsel for the next of kin of the legatees who predeceased the testatrix, that the proviso in the last part of paragraph 18 of the will, which provided for survivorship and substitution in the different classes of distributees, refers only to the three legacies of seven and one-third shares each, has no force, as it applies to the eighteenth paragraph. I do not think the testatrix could have imagined that all the legatees and their next of kin could possibly have predeceased her. See *Bonnell* v. *Bonnell, 47 N. J. Eq. (2 Dick.) 540,* also *Hendershot* v. *Shields, 42 N. J. Eq. (15 Stew.) 317.*

In accordance with the law governing this case, the executors of Jane A. Aikman, deceased, will be directed to pay the forty-three and one-half shares of the residue of $98,656.62 now held by them awaiting distribution to the members of the class in controversy, who survived the testatrix, to wit, Mary A. Aikman, Marion Ann Stewart, Julia Aikman, Emma J. Aikman and Walter M. Aikman, and to the exclusion of the children of the deceased cousins, as provided for under clause 1 and the last two sentences of the eighteenth paragraph of the will, and the fifth and second paragraphs of the first and second codicils, respectively.

I will advise a decree accordingly.