In this suit to construe a will as modified by two codicils, the sole question is as to the disposal of the residuary estate. In the will, bequests were made among others to six named *Page 468 
individuals in various amounts. The residuary clause provided that the residuary estate should be distributed among these particular six legatees in such proportions as the amount hereinbefore bequeathed to each of said legatees bears to the total amount of the residue.
By the first codicil three of these six bequests were revoked and the other three were left unchanged so that the legatees became Sarah Struble to the extent of $10,000, Minnie Cortelyou to the extent of $3,000, and Fillmore Struble to the extent of $3,000. This first codicil also expressly changed the residuary clause by providing that the residuary estate should be divided in proportion as the amount bequeathed to each of the legatees bears to the amount of the residue.
Later a second codicil was executed. After affirming the will as modified, this second codicil is as follows:
"Second: I hereby alter and amend paragraph three of my said will to read as follows: I give and bequeath to my niece, MinnieCortelyou, the sum of Ten Thousand Dollars, provided however, that if the said Minnie Cortelyou should not be living at the time of my decease, then the sum herein bequeathed to her shall sink into and become a part of the residue of my estate and be distributed as heretofore provided."
The specific question is as to whether the residue shall be distributed in the proportions as provided in the first codicil or whether these proportions were changed by the second codicil so as to increase the percentage of the residue to Minnie Cortelyou.
The first codicil disposes of $16,000, and accordingly, if this be the method of computation, Sarah Struble would receive ten-sixteenths and each of the other legatees would receive three-sixteenths of the residue. It is the contention of Minnie Cortelyou that this method was changed by the second codicil and that since the three specific legacies aggregate $23,000, of which $10,000 goes to her, she is entitled to ten-twenty-thirds of the residue.
The familiar canons of construction apply. The testatrix' intention as drawn from the words of the will determine its construction and the codicils are to be taken as part of the will, since codicils are to be taken as a replication of the *Page 469 
will as modified by them. Central Hanover Bank and Trust Co. v.Braman, 111 N.J. Eq. 191; Maxwell v. Maxwell, 122 N.J. Eq. 247; Aikman v. Armstrong, 81 N.J. Eq. 427.
In my opinion the second codicil effects no change in the proportions in which the residue is to be distributed. The second codicil is silent as to the distribution of residue except for the provision that in case of the lapse of the bequest to Minnie Cortelyou it shall become a part of the residue and shall be distributed "as heretofore provided." These words "as heretofore provided" can have no meaning except as referring to the provision for the distribution of the residue as provided in the first codicil. Since the second codicil makes no provision respecting the distribution of the residue, it could not have the effect of changing the provisions of the first codicil, since the second codicil could only modify the will by express language which would alter the prior provisions.
To my mind it is significant, in fact, conclusive as to the intention of the testatrix, that in making the changes in bequests under the first codicil, the plan of distribution of the residue under the original will was expressly changed. When a second change, as to specific bequests, was made by the second codicil, no such alteration in the disposition of the residue was made. Surely, if the testatrix intended to change the disposition of the residue by the second codicil, she would have said so as she did in the case of the first codicil.
Decree will be advised construing the will so as to provide that the residuary estate be divided ten-sixteenths to complainant, Sarah Struble, and three-sixteenths each to Minnie Cortelyou and Fillmore Struble. *Page 470